Sewall, C. J.
According to the state of facts referred to us, the controversy between these parties depends upon [ * 186 ] * the question, whether hay in a barn is liable to be attached upon mesne process in a civil action. If it is liable, the removal of it, and some loss and expense necessarily incurred in serving the process, although to be lamented as prejudicial to the owner, seem to be unavoidable, until the legislature provide some other remedy to secure a lien by attachment, or the benefit thereby intended for the creditor, than the removal or actual custody of the articles attached.
The plaintiff, in bringing an action of trespass, takes the ground of an absolute exemption of hay in a barn. If the exemption is maintained, the defendants, the officer, and those who sued out the process, and directed the service of it, are liable as having proceeded without authority of law.
The plaintiff probably relies upon the decision of this Court in the case of Bond vs. Ward, (1) where attachments, by virtue of the statute provisions in use with us, are considered as analogous to distresses, to compel an appearance, or the performance of a duty, at common law, in determining what goods are subject to attachment. And by the rules of the common law, because goods distrained were to be returned in the same plight in which they were taken, sheaves of corn, unless found in a cart, hay in the cock or a barn, were not liable to be distrained; as otherwise, in the removal of the articles, some loss would be sustained; the sheaves of grain would be shattered, &c. And in the case decided, hides in the vats of a tanner were considered as exempted, for these reasons, and upon the principles of the common law,'from attachment. We entirely acquiesce in the doctrine stated, and the result of it as exemplified in that decision. But we have been dis *175 posed to hesitate, and, upon the whole, have concluded against the plaintiff, in admitting the application contended for in the case at bar, of the general doctrine recognized in the case of Bond vs. Ward.
It will be considered that hay in a barn is an example only, and that the exemption extends to that article, when it is required or justified by the rule, and by the reason * which gives occasion to it. (2) The rule, as applied [ * 187 ] in the case of distresses, by English decisions, comprises corn in shocks, or straw and hay in a bam ; and the reason assigned is, because the articles may not be known, to be replevied, or to be restored in the same plight; and therefore, when found in a cart, and liable to be taken and removed in that condition, the rule did not apply. In England, by the statute of 3 W. & M. c. 5, these articles are liable to be seized for rent arrear on a demise; but they are to be locked up and detained in the place where found. (3)
We are of opinion that the condition of husbandry with us, and especially as to the means of preserving, removing, and distinguishing, such an article as hay, does not require the application of the rule here, which is supposed to apply to this case. Hay is constantly removed as a marketable article; barns are every where to be found for the preservation of it, safely and separately; the practice of distraining and attaching it has long been in use. It makes too large a portion of the means of a farmer for this indirect exemption to be allowed. It is always in the power of the owner to permit the officer to retain it in the place where found. Hay may be a little impaired by removal; but it is in a state to be removed, and is a commodity used in that manner : and places are provided in all our towns, where the means of ascertaining quantities of hay are to be found, so that the quantity taken, as well as the identity of the article, may be now fixed, and so the article taken may remain, to be accounted for or replevied.
Upon the whole, the reason of the rule has ceased, we think, with us; and what is understood to be a practice of long standing, and which is, all things considered, more reasonable than an exemption of this article would be, must be taken to be the law in this particular. In the opinion of the Court, therefore, the plaintiff has not maintained his action, and he is to be called, (a)

Plaintiff nonsuit.

 7 Mass. Rev. 123.

 1 Inst. 47.

 Com. Dig., Distress, C, cites 1 Rol. 666, pl. 51, 53. — Ibid. 667, pi. 16. — 2 Mod.. 6. — Jones, 197. — Fort. 361. — Lutw. 214.

 Bond vs. Ward, 7 Mass. Rep. 133. — Pierce vs. Jackson, 6 Mass Rep. 242.— Badlam vs Tucker & Al. 1 Pick. 389.