THOMAS H. HEALD *vs.* BUILDERS' MUTUAL FIRE INSURANCE COMPANY.

The lessees of a farm who agreed in the lease that they would fodder the stock on the farm with the hay which should grow thereon, and that they would not sell, dispose of or carry away, or suffer to be carried away from the farm any of the hay, without the consent of the lessors, gave a bill of sale to a third person, of hay grown on the farm after the making of the lease, and he took possession. *Held,* that no title passed to him, and he had no insurable interest, although he intended to carry on the farm and not to carry off the hay.

CONTRACT on a policy of insurance issued by the defendants, insuring the plaintiff against loss on a quantity of hay and straw. At the trial in the Superior Court, before *Putnam,* J., the execution of the policy, and the destruction of the hay and straw by fire were proved or admitted.

The plaintiff introduced evidence that Mehitable B. Hubbard and Harriet M. Hubbard let to Benjamin B. Roberts and Daniel R. Heald a farm in North Andover for the term of five years; that in the indenture of lease the lessees covenanted that they would occupy, till and in all respects cultivate the premises, during the full term, in a husbandlike manner, and according to the usual course of husbandry; that the indenture also contained this clause: "The lessees agree that they will carefully tend and fodder the stock kept on said premises, with the hay and other fodder which shall grow or be raised on said premises; and that they will not sell, dispose of, or carry away, or suffer to be carried away from said farm, any of the hay or fodder of any kind, or any of the manure which shall be made on said premises, except by written agreement of the lessors;" that the lessees entered into possession of the demised premises, harvested the hay and straw mentioned in the policy, being the produce of the farm subsequent to the making of the lease, and executed and delivered to the plaintiff a bill of sale of the hay and straw; that the plaintiff took possession of the hay and straw, and then procured the policy in suit; and that most of the stock on the farm was the property of the lessors. It was admitted that the lessors never agreed in writing to the execution of this bill of sale.

The plaintiff testified "that he took the hay and straw under the conditions of the lease; that he knew of the lease; that he had not read it, but did know of the clause about hay being fed, as he understood it, to the stock on the farm; and that he expected to carry on the farm under the provisions of the lease, and had no intention of carrying away any of the hay or fodder."

The defendants asked the judge to rule that the plaintiff had no insurable interest in the property; that the lessees could convey no title to it without the written permission of the lessors; and that the bill of sale conveyed no title or insurable interest in the property to the plaintiff. The judge refused so to rule; the jury returned a verdict for the plaintiff, and the case was reported for the determination of this court. If the ruling asked for was correctly refused, judgment to be entered on the verdict; if it was wrongly refused, the case to be returned to the Superior Court for a new trial.

*W. F. Slocum,* for the defendants.

*W. S. Knox,* for the plaintiff. The agreement not to remove the hay and fodder was a covenant, upon which, if broken, the lessors might have an action, but which did not affect the lessees' title to the productions of the farm. *Smith* v. *Putnam,* 3 Pick. 221. *Walker* v. *Fitts,* 24 Pick. 191. The gist of the covenant was that none of the hay, fodder or manure should be carried away; and the plaintiff did not intend to carry any away. The lessees had the right of possession and use of the property, and an interest in the profits which might accrue from its use on the farm; and this interest passed by the bill of sale, and was insurable. *Putnam* v. *Mercantile Ins. Co.* 5 Met. 386. *Eastern Railroad Co.* v. *Relief Ins. Co.* 98 Mass. 420.

COLT, J. The plaintiff had no insurable interest in the hay and straw named in the policy of insurance. He claims title by bill of sale from Benjamin B. Roberts and Daniel R. Heald, who harvested the same under a lease from the Hubbards. The lease was in writing, and contained a clause in these words: "The lessees agree that they will carefully tend and fodder the stock kept on said premises, with the hay and other fodder which shall grow or be raised on said premises; and that they will not sell,

dispose of, or carry away, or suffer to be carried away from said farm any of the hay or fodder of any kind, or any of the manure which shall be made on said premises, except by written agreement of the lessors."

The principal part of the stock on the farm was the property of the lessors. The plaintiff knew of this provision in the lease, and the bill of sale to him was made without the written agreement of the lessors. Whatever remote interest the tenants had in the produce of the farm, they had no property in it which they could dispose of by sale. The lessors had the right to reserve the crops, or any interest in them, in advance. It was in the nature of a reservation of rent. Taylor Landl. & Ten. § 152. It is not simply an agreement or covenant that none of the productions named should be carried away, for breach of which they would be liable in damages; but it was an agreement that it should not be sold. It was a limitation on the title, which was to remain in the landlord subject to the tenants' right to use it in the cultivation of the farm. It is an evasion to say that the interest which the tenants had in the possession and use of the property, and in the profits which might accrue from its use upon the farm, passed by the bill of sale to the plaintiffs, and was an insurable interest. This would defeat the plain words of the agreement, one purpose of which no doubt was to avoid conflicting claims of other parties, which might arise under a sale. *Lewis* v. *Lyman*, 22 Pick. 437. *Briggs* v. *Oaks*, 26 Vt. 138.

Nor is it a valid objection that these productions of the farm were not in existence at the time the contract for the appropriation of them was made. The subject matter of the agreement existed potentially, and was subject to the disposition thus made in advance by the owners of the land. *Lewis* v. *Lyman*, 22 Pick. 437, 442. *Smith* v. *Atkins*, 18 Vt. 461. In accordance with the terms of the report, a *New trial must be had.*