## DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## July, 1887.

---

### ALFRED COLVILLE, Respondent, v. WILLIAM J. MILES, Appellant.

*Farm lease — when the title to the crops remains in the lessor.*

In the spring of 1885 the plaintiff, who owned a farm with a large number of cattle thereon, leased the farm to one Kane under an agreement that Kane should have all the milk from the cows, and raise enough on the place to carry the stock, and that if there was not enough to carry them through the year he was to buy what was necessary; that the hay and grain should not be sold. Kane having fled in the fall of 1886 and left the cattle in a neglected condition the plaintiff took possession of the farm, and thereafter brought this action of replevin to recover the crops which had been attached by certain of the creditors of Kane.

*Held,* that the plaintiff was entitled to recover as Kane never had any title to the crops.

*McCombs* v. *Becker* (3 Hun, 342) distinguished.

APPEAL from a judgment entered in Orange county upon the verdict of a jury in favor of the plaintiff, against the defendant, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was in replevin, to recover the possession of certain hay, grain and grass attached by the defendant, Miles, as a constable, in actions in a Justice's Court, against one Patrick Kane. In 1885 Colville made an agreement with Kane by which he leased to him his farm and cattle. By their agreement all the

---

* Adjourned from May Term.

hay and crops produced on the place were not to be sold or removed by Kane, but were to be used to feed the cattle, and if there was any deficiency in feed, Kane was to supply it. This was an oral arrangement. Kane continued to occupy the farm under this arrangement until October, 1886, when he absconded, left the farm, and abandoned the cattle, leaving them in a starving condition and leaving his rent unpaid. He was considerably in debt when he absconded, and his creditors brought suits in a Justices' Court against him and attached the crops then harvested, consisting of hay, straw, oats, and Hungarian grass, in the various barns on plaintiff's farm.

*M. N. Kane* and *H. A. Wadsworth*, for the appellant.

*D. F. & H. Gedney*, for the respondent.

BARNARD, P. J.:

The plaintiff was the owner of a farm in Orange county with a large number of cattle thereon. In the spring of 1885 he leased the farm to one Kane, under an agreement that Kane should have all the milk from the cows (about forty head). Kane was to carry the stock on the farm, raise enough on the place, and buy deficiency if any. The hay and grain could not be sold, but it belonged to the cattle. Kane fled in the fall of 1885, and left the cattle in a neglected condition. The plaintiff at once took possession of his farm, but certain creditors of Kane had attached the hay, oats and straw as the property of Kane and for his debts. The sole question is one of law whether on this contract, Kane had ever a title to the produce of the farm which was reserved by the landlord for the express feeding of the cattle on the farm. There is no reported case which has in it the facts of this case. In *McCombs* v. *Becker* (3 Hun, 342) the agreement was that the tenant should pay for deficiency of hay in carrying through the landlord's cattle and the landlord was to have excess. It was held in this case that the title to the hay was in the tenant. The fair intendment from the facts was that the usual incidents to an absolute tenancy prevailed, and that the tenant owned the title.

In the present case the reserve is twofold. The fodder raised from the farm, for the cows, shall not be sold or removed from the farm but it must be fed to them. " It belonged to

them." By this limitation the title to the product did not go to the tenant but was received to the lessor, and at most Kane had a naked right of possession for the sole purpose of carrying out his contract, and when he abandoned that, he had no leviable interest in it. (*Heald* v. *Builders' Ins. Co.*, 111 Mass., 38.)

The judgment should be affirmed with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed with costs.