CAROLINE A. PLAISTED *vs.* CHARLES N. HAIR.

Worcester.    September 30, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Attachment of Hay — Married Woman.*

Hay in a barn on a farm may be attached in an action at law against its owner.

A married woman owned a farm, as well as certain personal property thereon, and lived with her husband upon it. The husband, by her consent, carried on the farm in his own name, on his own account, and for his own benefit, in the ordinary manner of conducting a farm, having in connection with it the use of such

personal property, and while so carrying it on raised and gathered a quantity of hay. *Held,* that the hay was the property of the husband, and was liable for his debts.

REPLEVIN of twenty tons of hay. Writ dated December 9, 1886. Answer, a general denial, and that the defendant, a deputy sheriff, attached the hay on a writ wherein one Knight was plaintiff and William L. Plaisted and William M. Plaisted, formerly copartners, were defendants. Trial in the Superior Court, without a jury, before *Dewey,* J., who allowed a bill of exceptions, in substance as follows.

In May, 1885, the plaintiff became the owner of a farm in Oxford, together with oxen, horses, cows, and other personal property thereon, and had lived on it with her husband, William L. Plaisted, since that time. During this period the husband, by the plaintiff's consent, was carrying on the farm in his own name, on his own account, and for his own benefit, in the ordinary manner of conducting a farm, having in connection with it the use of the personal property. The hay in question was gathered by him upon the farm during the summer of 1886. The defendant duly attached the hay, in an action brought by Knight against the Plaisteds, as stated in the answer, they being indebted at that time and since to Knight.

On these facts, the plaintiff asked the judge to rule that " the hay was not attachable on a writ against the plaintiff's husband and his copartner; that, upon said facts, the hay was not attachable on a writ against the husband, and that the hay could not be severed from the farm, under the circumstances, either by the husband or his creditors; and that the defence sought to be set up in justification by the officer in the evidence was not admissible under the answer."

The judge refused so to rule, and ruled that the hay was subject to attachment by a creditor of the husband, and found for the defendant; and the plaintiff alleged exceptions.

*W. A. Gile,* for the plaintiff.

*G. E. Curry,* for the defendant.

FIELD, J. It is settled that hay in a barn on a farm can be attached in an action at law against the owner of the hay. *Campbell* v. *Johnson,* 11 Mass. 184. *Cheshire National Bank* v. *Jewett,* 119 Mass. 241.

It is not, perhaps, entirely clear from the exceptions whether the judge who heard this case, without a jury, found for the defendant on the ground that the burden was on the plaintiff to prove that a certificate had been recorded such as is required by the Pub. Sts. c. 147, § 11, and that, this not having been shown, the property, although the wife's, was liable to be attached by a creditor of the husband, or on the ground that the facts found showed that the hay was absolutely the property of the husband, but we infer that the case was decided on the latter ground.

The facts found in respect to the occupation of the farm by the husband are, that the wife owned the farm, with the oxen, horses, cows, and other personal property upon it; that she " lived on said farm with her husband," who, by her " consent, was carrying on said farm in his own name, on his own account, and for his own benefit, in the ordinary manner of conducting a farm, having in connection with it the use of said personal property"; and that the hay which was attached was raised and gathered from the farm by the husband while he was carrying it on in this manner.

It has been held that the statute requiring a married woman doing business on her separate account to file or record a certificate, applies only to personal property. *Bancroft* v. *Curtis*, 108 Mass. 47. In *Wheeler* v. *Raymond*, 130 Mass. 247, the jury found that the business of carrying on a livery stable, in which certain horses and carriages belonging to the wife were used, was the business of the husband, and not of the wife, and the court say : " It appeared that the property of the wife, being a number of horses and carriages, was used by the husband in carrying on the business, for the use of which he agreed to pay the plaintiff [the wife] one half of the profits of the business. But this agreement, being between husband and wife, was entirely null and void. The case presented, then, is one where a wife, owning separate property, permits her husband to use it in carrying on his business. We are of opinion that this cannot fairly be deemed 'doing business on her separate account' within the statute, so as to require her to file a certificate in order to exempt the property from liability for her husband's debts. If it was done with the fraudulent purpose of deceiving the public

and giving the husband a fictitious credit, perhaps she might be estopped by the fraud from claiming the property; but no such point is raised in this case. The court, therefore, rightly refused to rule as requested by the defendant." The ruling requested in that case, which was refused, was to the effect that the neglect of the wife to file a certificate pursuant to the St. of 1862, c. 198, constituted "a bar to her recovery in this case, and that the property, although owned by her, was liable to be attached by her husband's creditors." These decisions indicate that if, in the case at bar, the husband was carrying on the farm on his own account, the farm itself, and the oxen, horses, cows, and other personal chattels on it which belonged to the wife, could not be attached by his creditors, although a certificate had not been recorded pursuant to the Pub. Sts. c. 147, § 11.

The hay was the produce of the farm, and on the facts found must have been gathered by the labor of the husband, or by laborers whom he had hired, and it must be assumed that the judge inferred that the cost of gathering it was borne by the husband.

Our statutes do not authorize a wife to make contracts with her husband, or to transfer property to him. Pub. Sts. c. 147, §§ 2, 3. St. 1884, c. 132. If the husband had been a person with whom the wife could make a contract, the inquiry would be whether, by virtue of the contract, the hay after it was severed from the land became the property of the husband, or remained her property, and was to be spent upon the farm in feeding cattle and in making manure for the use of the farm. *Butterfield* v. *Baker*, 5 Pick. 522. *Lewis* v. *Lyman*, 22 Pick. 437. *Walker* v. *Fitts*, 24 Pick. 191. *Munsell* v. *Carew*, 2 Cush. 50. *Delaney* v. *Root*, 99 Mass. 546. *Heald* v. *Builders' Ins. Co.* 111 Mass. 38. *Warner* v. *Abbey*, 112 Mass. 355. *Orcutt* v. *Moore*, 134 Mass. 48.

From the facts in evidence in this case, it was competent for the judge to infer that it was the intention of the wife that the hay when severed should become absolutely the property of the husband. Does the rule of law that the wife cannot make contracts with her husband, or transfer property to him, prevent him from acquiring title to property which is produced by his

labor upon her property, which she has permitted him to use for his own benefit?

In *Wheeler* v. *Raymond, ubi supra,* it seems clear that the earnings of the livery stable which was kept by the husband belonged to the husband, although some of the horses and carriages used in the business belonged to the wife. There is more difficulty when the property of the wife, which the husband is permitted to use, is land. The consent of the wife that her husband might occupy and till the land for his own benefit, did not make him her tenant, or convey to him any interest in the land. He was not even a tenant at will. He cannot be treated as a disseisor, who, until entry by the disseisee, would be entitled to the annual crops, and he was not the servant or agent of his wife, because he was acting on his own account. With his wife's consent, he had expended money and labor in raising and gathering annual crops from her land for his own use. He was the licensee of his wife, and she had in effect given him the use of the farm, and he had enjoyed this use, and at his own expense had raised and gathered the hay for himself while the license remained in force. Both his property and hers had been consumed in producing the hay, and it is not, strictly speaking, a case of the gift of personal chattels by the wife to the husband.

We are of opinion that, as the hay was severed from the land by the husband before the license was revoked, and was taken into his possession as his own, and as it had been raised and gathered at his own expense, the hay was his property. The title was acquired from the labor and money which he had expended in raising and gathering it under the consent given by the wife. If a wife give to her husband the use of her real or personal property, we think that it is reasonable to hold that the earnings which result from the use by the expenditure of his labor and money upon the property, and which are not a part of or an accretion to the property itself, must be regarded as belonging to the husband, when no fraud on her creditors is intended, and even if the transaction were in fraud of her creditors, she could not claim such earnings.

No question of fraud arises in this case, and, on the facts

found by the court, we think that the plaintiff was not entitled, as matter of law, to the rulings asked for, and that it was competent for the court to find for the defendant.

*Exceptions overruled.*