PAYTON *v.* PAYTON.

1. A husband who paid for land with his own money and took a conveyance in 1881, describing himself in the deed as trustee for his wife, acquired the property for her, and it became her separate estate both legally and equitably. The trust was executed as soon as created. *Sutton* v. *Aiken, 62 Ga.* 733.
2. Interference between husband and wife after their separation to control by interlocutory injunction the possession of the family dwelling, though it be her property, would generally be unwise. In the present case the discretion of the judge was not abused.

March 16, 1891. Argued at the last term.

Injunction.   Husband and wife.   Trusts.   Before Judge BOWER.   Dougherty county.   At chambers, November 1, 1890.

The question made is, whether the judge erred in refusing to enjoin the defendant, on the petition of his wife, from interfering with a house and lot which he holds under a deed conveying the same to him as trustee for her, she contending that this deed vested the title absolutely in her, and that he is an insolvent trespasser. The deed is dated June 20, 1881, and in consideration of $400 conveys the property to "Ed Payton, trustee for Caroline Payton." She alleges that he purchased the property with money which she earned

by her own labor; that the house is vacant and bringing no income, and he will not rent it to any one nor allow her to do so; that she formerly had much confidence in him, but they have been living apart for several years because of cruel treatment of her by him, he doing all in his power to bring her to absolute want and make her property worthless; that she is now about fifty-five years old, and it is important to her that her property and what she can accumulate be preserved, protected and made productive; that in September, 1890, she rented two rooms of the house to Henry Thomas, a good man and prompt payer of his obligations, for $4 per month, which is a reasonable price, but when he attempted to take possession, he was stopped by the defendant by menaces and threats of prosecution, etc., and left the house vacant and will not live in it for fear of injury from the defendant, who is insolvent and cannot be made to answer in damages, and were it otherwise, his continued acts would necessitate a multiplicity of suits; that she does not need any trustee, the title to the property being absolutely in her; that the defendant has no right to interfere with it, whether she paid for it or whether he paid for it and took the deed for it to himself as trustee, she being long before its date more than twenty-one years old.

The defendant answered that he and his wife lived together many years in happiness, but for some years past, without his fault, she has become alienated from him and refused to live with him, through the influence of Henry Thomas and others, although defendant has used every means to induce her to return; that about the date of the deed, he desired to provide a home for himself and his wife, they having no children, and he thinking it prudent when he was strong to make provision for the future, and with this desire he bought the property; that the purchase money for it was paid by him

at different times, every dollar of it being his own money and the result of his own labor; that having perfect confidence in his wife's fidelity, and fearing that future financial embarrassments might come upon him and sweep away their home in old age, he requested the vendor to make the deed to him as trustee for his wife; that he is now sixty-five years old, infirm and unable to do much labor or earn much money, but he and his wife could by united effort earn enough to provide for their wants; that he is using the house as his home, and she could do the same if she would; that his reasons for not allowing Thomas to take possession were, that he and Thomas had for several years lived with their families together in the house, and Thomas was the cause of the alienation of his wife, disputed his title to the lot and forced him to litigate the title with him, which he did and gained the case; that this whole matter is a scheme concocted by Thomas and Mack Thompson, with whom his wife is now living, to get him out and sell the house to Thompson, and leave him in his old age without a shelter; that Thompson has persuaded his wife to sell the property to him at a price greatly less than its value; and that she is a weak-minded woman and has been thus the more easily controlled by the influences of said parties. By way of cross-bill, he charges that he acted in good faith and thought he took the surest method to provide a home for himself and wife when he purchased the lot, but as the consideration moving him to do so has failed, the deed to him as trustee is void; and he therefore prays that the vendor therein be made a party, that the deed be decreed void, and that the vendor be required to execute to him a fee simple deed to the property. He says that it would be a fraud upon him and against public policy for the trust under the deed to be enforced; and so he prays that the petitioner be enjoined from selling, mort-

gaging or interfering with the property except to occupy and enjoy it as his wife.

W. T. JONES, for plaintiff.

J. W. WALTERS, for defendant.

BLECKLEY, Chief Justice.

1. We have no doubt that Mrs. Payton, the plaintiff, has the exclusive title, legal and equitable, to the premises involved in the dispute between her and her husband. He paid for the property, but took a deed which described him as her trustee. This deed was executed in June, 1881, and is governed in all respects by the rule announced in Sutton v. Aiken, 62 Ga. 733.

2. Nevertheless, inasmuch as Mrs. Payton had separated from her husband, leaving him in possession of the property, which possession he still holds, we think he is not a trespasser in such sense as to make it obligatory upon the judge of the superior court, by a mere interlocutory injunction, to expel him from the possession, or to constrain him to admit into joint occupation with him a new tenant under Mrs. Payton. Judicial interference in a family quarrel of this nature should not be too summary. Very likely delay may have a salutary effect; the parties, left to themselves, may become reconciled, and may compose their differences. The granting of an injunction is discretionary in every. case. Code, §3220. Not unfrequently the wisest exercise of this discretion is by non-intervention. This may be so in the present case. An interlocutory injunction is no finality, it settles nothing; only some final judgment can put an end to the controversy between these parties. When this is reached, there will be no longer any discretion as to admitting the plaintiff or her tenants into possession and turning the defendant out.

It will be noticed that this is no application for the appointment of a receiver.        *Judgment affirmed.*