Milton J. Budlong          ⎫
            vs.              ⎬ Eq. No. 2086
Jessie Margaret Budlong     ⎭

October 14, 1925

BAKER, J. Heard on prayer for preliminary injunction.

The bill of complaint asks that the respondents be enjoined from trespassing on the property of the complainant located in the city of Newport, and from interfering with, molesting, or in any other manner annoying him.

The complainant admits that the fundamental ground and basis of the bill is the relief asked for relating to the trespassing upon the real estate of the complainant. He argues that he is entitled to a preliminary injunction covering this matter, even if he is not entitled to the further relief prayed for.

The bill, which is sworn to, also alleges that the complainant has a ground for divorce from the respondent, viz: extreme cruelty, the details of which are more or less fully set out. The respondent did not attack this phase of the bill by any testimony, and for the purposes of this hearing the court will assume that the complainant in this regard established a prima facie case.

The facts relating to the matter now before the court are not much in dispute. It is admitted that the real estate in question stands in the complainant's own name and is his property. It appears that no divorce proceedings of any kind are now pending between the parties in any court and that the status of husband and wife now exists between them. It further appears that they have three children, one of full age, and the other two both boys and minors, who have been with the complainant at

his house in Newport the greater part of the time recently. It is not disputed that the respondent went into complainant's home on the evening of August 27th and remained there until late in the afternoon of August 28th, refusing to leave, although requested several times so to do. It would also appear that she threatened to return if ejected. She claims that she went there for the purpose of reconciliation and with the desire to return to and live with her husband. He, on the other hand, contends that she came to his house merely to annoy and humiliate him.

In support of his bill the complainant urges that the respondent has, by her actions in the past and by her conduct toward him, forfeited all marital rights, and that he is entitled, therefore, to be protected by way of injunction issuing from this court in the undisputed possession of his property.

The respondent, on the other hand, contends that this court, as a court of equity, has no jurisdiction to grant the relief prayed for.

If the parties to this proceeding were strangers, the court is unquestionably satisfied, on the evidence produced, that Mr. Budlong would be entitled to the injunction for which he is asking on the ground of trespass and threatened trespass upon his property. There can be no question but what equity has the power to issue an injunction if such were the situation.

Does the fact, then, that the parties hereto are husband and wife, though living apart, no divorce action of any kind being pending, alter the general situation in regard to the enjoining of the threatened trespasses?

The court believes that it does.

No precedent for such a proceeding as this has been cited. After careful consideration, in the judgment of

the court the complainant is not entitled to a preliminary injunction.

The fact that the parties hereto are husband and wife can not be overlooked. Marriage, while a civil contract, is also a status or personal relation in which the State is deeply concerned. Matters relating to this status and this relationship, according to the laws of this State, are governed by the statutes relating to marriage and divorce.

The complainant alleges that he has a valid ground of divorce against the respondent. If he should file a petition, either for absolute divorce or a separation, as the facts may warrant and as he may desire, then it is reasonable to suppose that the court before which the matter was taken, under the provisions of our statutes, would grant him such relief from annoyance and from trespasses upon his real estate by way of an interlocutory order as should seem best. In other words, it would appear as though the provisions of the law relating to divorce afford the complainant an adequate remedy, and until he has attempted that remedy and it has failed, it would seem that he is not entitled to come into a court of equity and ask for relief of the same general nature by way of injunction.

The respondent argues very plausibly that the granting of an injunction here would put into effect a judicial separation without properly considering certain elements of the marriage status. It seems to the court that this argument is sound. In a separation or divorce proceeding, the matter of allowance, alimony, custody of children, and the like, can be provided for, whereas nothing of the kind can be taken care of in the case at bar. If an injunction were granted, the complainant could retire with his children to his property and the respondent would have the greatest difficulty in communicating with him without violating the terms of the injunction.

The complainant urges very strongly that he ought not to be forced into a divorce court in order to be left in the quiet possession of his property. It is urged that there might be religious or financial reasons, or matters concerning his children, why a man might not desire to file a divorce or separation petition. It appears to the court, however, that this situation, while possibly difficult, can not give an equity court jurisdiction. The divorce court is the forum provided by law for adjusting certain forms of domestic difficulties. In the opinion of the court, the complainant has the choice of going into that court or of abiding by the annoyances of which he complains. If the parties were strangers, it might be otherwise, but the fact that the status of husband and wife exists between them creates, in the mind of the court, a different situation.

The complainant also argues very earnestly that this hearing is only on preliminary injunction and that the status quo should be maintained. If the determination of the case depended upon close and disputed questions of fact, the court believes that the complainant's argument would be sound. But, however, the only question for determination here is whether this court has jurisdiction, and that being so, if it is found that no jurisdiction exists, in the judgment of the court no preliminary injunction should issue. No case directly in point has been called to the court's attention. There is no question but what, either by statute or by practice, a

court of equity has been called to assist by way of injunction in litigation between husband and wife where divorce proceedings are pending. (High on Injunctions, 4th ed. Sec. 1393.) But the court has been able to find no instance where equity has taken jurisdiction and issued an injunction in such a proceeding as the case at bar.

In the case of Payton vs. Payton, 13 S. E. 127 (Ga.), the court refused to issue an injunction. The case, which is very briefly reported, apparently was decided on the ground that the lower court did not abuse its discretion in refusing to grant an injunction to a wife who had separated from her husband, although no divorce proceedings were pending, where the husband was occupying the wife's separate property.

See also Spelling on Injunctions, 2nd ed., Sec. 216.

In the case of Symonds vs. Hallett, L. R. 24, Ch. Div. 346, an interlocutory injunction had been granted to a wife against her husband and, after considerable argument, the court refused, on motion, to discharge the injunction. It should be noted, however, that this case is distinguishable from the present case in that divorce proceedings were pending between the parties. While the court refused to remove the interlocutory injunction, it is clear from the language of the judges that they had grave doubt as to the jurisdiction of an equity court to grant such relief. Cotton, L. J., says: "But when it is not interference with the property, assuming it is the property of the wife and that the husband has no right to interfere

with it, qua property, it is a very different thing to say that she, a married woman, can insist on a court of equity preventing her husband entering the house."

The complainant contends that the respondent by her actions has forfeited all her marital rights and that the parties are virtually on the basis of strangers as far as the trespasses upon the husband's property are concerned. He claims that by way of analogy the decisions in Gill vs. Read, 5 R. I. 343, Anthony, Colwell & Co. vs. Phillips, 17 R. I. 188, and Senft vs. Carpenter, 18 R. I. 545, support his contention. These are all actions at law against husbands by persons who had sold goods to or provided board for wives living separate and apart. It does not seem to the court that these cases can be of any great assistance to the complainant by way of analogy in assisting him in showing that this court as a court of equity has jurisdiction to give him relief. Even assuming that the respondent has forfeited some of her marital rights, which matter can only ultimately be determined in a divorce court, there is serious question in the mind of the court as to whether this would warrant an equity court in issuing an injunction preventing a wife from going on the property of her husband when no divorce proceedings of any kind were pending between them and where the parties have children who are living on the property of the husband.

The complainant also argues that the English cases relating to restitution of conjugal rights by analogy aid him in his position and he refers particularly to the case of Russell vs. Russell, 1895, Pro. Div. 315.

In the judgment of the court, this type of case, which apparently was a development from the ecclesiastical

laws of England, is not particularly in point in the proceeding now before the court.

After considering the whole matter carefully, for the reasons above stated, and chiefly for the reason that in the judgment of the court an adequate and proper remedy is provided the complainant under the laws relating to divorce, the court is of the opinion that a court of equity has no jurisdiction in this proceeding.

The prayer for a preliminary injunction is denied.

For Complainant: Abbott Phillips and Chauncey E. Wheeler of Hinckley, Allen, Tillinghast & Phillips and Sheffield & Harvey.

For Respondent: Cornelius C. Moore and Walter Curry.