## HAMILTON vs. CITY OF FOND DU LAC and another. Second Appeal.

*Taxation of land: Occupancy — Husband and wife.*

Under our statute defining the property rights of married women, the husband, by merely residing with his wife on her separate property, does not become the occupant thereof, so that it can be assessed to him for taxation.

APPEAL from the Circuit Court for *Fond du Lac* County.

The preceding report of the appeal in this cause from the order overruling a demurrer to the complaint, recites sufficiently the facts alleged in the complaint. The plaintiff having obtained a temporary injunction upon filing the complaint, defendant moved to dissolve the same, and read in support of the motion an affidavit which stated that the lands alleged to belong to plaintiff's wife, "were, at the time of the assessment complained of, and ever since have been, occupied by the plaintiff."

The court denied the motion to dissolve; and from this order the defendants appealed.

*Coleman & Thorp*, for appellants.

*Gillet & Pier*, for respondent.

PAINE, J.   We have just decided, on an appeal from an order overruling a demurrer to the complaint in this case, that the complaint shows a good cause of action. This is an appeal from an order refusing to vacate the injunction.   And it would follow from our conclusion upon the other appeal, that this order should also be affirmed, unless the fact stated in an affidavit used on the motion, that the plaintiff occupied the lots, which the complaint alleges belonged to his wife, should produce a different result.   This affidavit does not controvert the allegations of the complaint, that the lots were owned by the wife, and that she was in possession of them.   We infer, therefore, that the plaintiff probably lived on them with her, they being her separate property. But we have held in such a case, nothing further being shown, that the possession is the possession of the wife, and not of the husband.   *Boos v. Gomber*, 23 Wis. 284. So that the affidavit does not substantially vary the question presented by the complaint.   It is evident that in such cases assessors may innocently and naturally be led into error in assessing the wife's property to the husband.   But notwithstanding this, since the law has placed her upon the same footing with a *feme sole* in respect to her separate property, we can see no mode by which her rights, as well as those of her husband, can be protected, except by requiring assessors to take notice of their separate interests, and ascertain, as in other cases, who is really the owner or occupant.   The husband, merely residing with his wife upon her separate property, is no more the occupant of the property, within the meaning of the statute allowing lands to be assessed to occupants, than she would be of his lands if residing with him thereon.   The statute meant, by the word "occupant," one who occupied the property in his or her own right, as tenant or otherwise, and in the absence of a possession by the real owner.

*By the Court.*— The order appealed from is affirmed.