ELLEN S. TUNKS *vs.* MARK GROVER and trustees.

By virtue of R. S., c. 61, § 3, a married woman may commence by trustee process, and maintain in her own name an action for the recovery of the *wages of her personal labor* not performed for her own family, and summon her husband as trustee of her debtor.

If in a trustee process brought by a married woman against her debtor, and her husband as trustee, the disclosure does not reveal the relationship between the plaintiff and trustee, it is not competent for the principal defendant to contest the liability of the trustee by filing such an allegation.

ON EXCEPTIONS.

ASSUMPSIT on an account annexed to recover the wages of the plaintiff's personal labor performed for the principal defendant, from Sept. 7, to Oct. 10, 1868, at $3.50 per week, amounting to $17.50.

The action was commenced by trustee process in the municipal court for the city of Lewiston.

On the return day of the writ, James H. Tunks, one of the alleged trustees, appeared and disclosed an indebtedness to the principal defendant, making no mention of any relationship between the plaintiff and himself.

On the same day, the principal defendant filed a plea of the following tenor, omitting the formal parts:

"That he is ready to prove when and where the court shall direct, and now offers to prove, that, in the above-entitled action, in which the said Ellen S. Tunks is plaintiff, and the said Mark Grover principal defendant, and the said James H. Tunks, and the said Hill Manufacturing Company, trustees, that the said James H. Tunks, one of the said trustees, is the husband of the said Ellen S. Tunks, plaintiff in said cause, wherefore he prays judgment that the said James H. Tunks may be discharged, and for his costs."

To this plea the plaintiff demurred, and the defendant joined.

The demurrer was sustained, and thereupon the defendant appealed.

On the second day after entry in the supreme judicial court for this county, the defendant moved that the demurrer and joinder be stricken out, because the same were irregular, informal, and contrary to the rules of pleading. The presiding judge overruled the motion and sustained the demurrer, and the defendant alleged exceptions.

*Knowlton & Cornish*, for the defendant.

1. The demurrer admits that James H. Tunks was the lawful husband of the plaintiff. And the only question is, whether he, while sustaining that relation to the plaintiff, can lawfully be charged as trustee in an action by her against a third person.

This is neither authorized by the common law nor by statute. 2 Kent's Com. 112. *Dennison* v. *Benner*, 36 Maine, 227.

2. The statutes enlarging the rights of married women being derogatory to the common law, must be construed strictly.

3. If the wife can sue alone and trustee her husband in the suit, she can sue jointly with her husband, and make him trustee therein. *Smith* v. *Gorman*, 41 Maine, 405. *Crowther* v. *Crowther*, 55 Maine, 358.

4. If the wife may legally summon her husband as trustee in such action, the husband, upon being discharged as such trustee, may have execution against her for his costs, and cause her to be arrested thereon. R. S., c. 86, §§ 13, 21.

5. The process of *scire facias* against a trustee "is an action at law." *Denny* v. *Metcalf*, 28 Maine, 389.

6. If plaintiff can hold her husband as trustee in this case, she may, upon his being discharged and refusing to pay over to her on demand, sue out her writ of *scire facias* against him, and thus by a mere indirection and by force of the statute, which affords such remedy indiscriminately to all parties plaintiff in such cases, array herself against her husband "in an action at law," in direct violation of the cardinal rule of the common law. The common law says this cannot be done; no statute says it can.

*Wm. P. Frye* and *John B. Cotton*, for the plaintiff.

BARROWS, J.   The plaintiff in this action, a married woman, summoned her husband as trustee of the principal defendant; or, at least, this is what the principal defendant proposes to offer in defense of the action.

The suit is brought to recover the wages of her personal labor, not performed for her own family, for which by the express provisions contained in § 3, c. 61, of the Revised Statutes, she may maintain an action in her own name, and hold them in her own right, against the husband or any other person.

Is she entitled to the benefit of a process of foreign attachment to recover them where the husband is the garnishee of the debtor? Under such a statute provision as that above cited, we see no valid reason to debar her from it, even if it followed as a necessary result that she must " array herself against her husband in an action of law " to obtain it.

*Ubi jus, ibi remedium;* and when the legislature has conferred rights of this description upon married women in such emphatic terms, it is not for us to deny the appropriate process to enforce them, although long-cherished and familiar doctrines of the common law are thereby overturned.

The case stands upon a different footing from those of *Smith* v. *Gorman*, 41 Maine, 406, and *Crowther* v. *Crowther*, 55 Maine, 358, cited for the defendant, by reason of the more specific statute provision enabling the wife to maintain suit in her own name for the wages of her personal labor, not performed for her own family, as well as by reason of other enactments since those cases arose. Moreover, the alleged trustee does not seek to raise the question, and it is not competent for the principal defendant to intervene in this manner with allegations of fact *dehors* the record to affect the decision as to the liability of the trustee.   Legally speaking, there is nothing before us to show that the relation of husband and wife exists between the plaintiff and the supposed trustee.   Upon the disclosure which he submits, the trustee is apparently chargeable; and while by § 29, of c. 86, R. S. the plaintiff and trustee is allowed to allege and prove additional facts material in deciding the

question of the trustee's liability, the principal defendant is not thereby authorized to file such allegations, and we know of no law permitting him to contest the validity of the plaintiff's attachment in the manner proposed. The question of the trustee's liability is to be settled between the plaintiff and trustee. The principal defendant is called upon in this suit to answer to the plaintiff's claim against him, and has had his opportunity to be heard thereon. If he has nothing to say except that by reason of something not disclosed by the record, nor appearing in the disclosure of the trustee, the plaintiff's attachment of his rights and credits is invalid, his answer is nugatory, and the demurrer thereto was properly sustained.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and DANFORTH, JJ., concurred.