JUDGE ELLIOTT
delivered the opinion op the court.
On the 8th day of December, 1871, the appellant Samuel Brame sold a tract of laud of about one hundred and seven *405 acres, lying in McCracken County, and of which he was the owner and in the possession, to the appellee, Craig, and one J. Ri. Pitman. The sale was for a valuable consideration, which was afterward fully paid; and at the time of the sale the appellant Samuel Brame executed his title bond to Craig and Pitman, by which he covenanted to convey to them his title to the tract of land. Appellant Samuel Brame, who is the husband of appellant Myra J. Brame, refused to convey the title which his bond bound him to convey, and the appellee, Craig, having bought Pitman’s interest in the land, procured his assignment of the title bond, and then brought suit against appellant Samuel Brame for a specific execution of the contract and for a conveyance of the land to him.
It appears by the pleadings in this cause that after a rather protracted litigation the appellee was successful, and the contract of sale was enforced against the said appellant, and the said appellant’s title to the land in dispute was conveyed to the appellee and a writ of possession was awarded him, by virtue of which he was put in the actual possession of the tract of land in January, 1876, and the appellants were forcibly ejected therefrom.
On the 22d of January, 1876, the appellants brought this suit, in which they state that at the time of the sale by appellant Samuel Brame of the land they were residing thereon and were bona fide housekeepers with a family, and that the appellant Myra J. Brame did not join in the sale, and that therefore they are entitled to be repossessed of $1,000 worth of said land as a homestead for themselves and their family.
The appellee after citation appeared in court and demurred to the appellants’ petition, which was sustained by the court below, and the correctness of that judgment is questioned by this appeal.
It is contended by the appellants that by the provisions of what is called the homestead act, which became a law of *406 this state on the 1st of June, 1866, and was re-enacted by the General Statutes, $1,000 worth of the land actually occupied by a bona fide housekeeper with a family is not only set apart to them as against attaching judgment or other creditors, but a private sale thereof made for a valuable consideration by the husband is void unless the wife joins therein and acknowledges with her husband the same, in the same manner as she is required to do in order to pass her title to other realty.
In support of this construction of the homestead statute we are referred to the decisions of the courts of several of the states of the Union, which maintain that under the homestead laws of the states in which such decisions were rendered the right of private alienation of the homestead by the husband is taken away.
We have been referred to the decisions of the courts of Illinois, Texas, Wisconsin, and other states; but it will be seen by looking into them that the homestead laws that they construe absolutely prohibit a sale at all by the husband who is a housekeeper and entitled to the benefits of the law, and consequently a sale made by him is null and void; but we are of opinion that the provisions of the homestead exemption law of this state do not prohibit the owner thereof from a private sale and conveyance of the same for value.
By chapter 38, article 13, section 9, page 433 of the General Statutes it is provided that “ In addition to the personal property exempt from execution by this chapter there shall, on all debts or liabilities created or incurred after the first day of June, 1866, be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead or for purchase-money due therefor, so much land, including the dwelling-house and appurtenances, owned by the debtor as shall not exceed in value $1,000.” And by section 13 of the same chapter and article it is provided that “No mortgage, release, or waiver of such *407 exemption shall be valid unless the same be in writing, subcribed by the .defendant and-his wife and acknowledged and recorded in the same manner as conveyances of real estate.”
By this section the husband can not mortgage, release, or waive the homestead exemption to a creditor except by a conveyance in which the wife joins and which is duly recorded; but we are of opinion that this does not impose any restraint upon the general right of alienation vested in the owner of real estate by the laws of this state. The homestead exemption is not an estate in the land, but only a privilege of occupying the same by a housekeeper with a family, as against his creditors; and although the homestead is not subject to coercive sale by a creditor, a sale and conveyance of the tract of land covered by the homestead privilege by the owner thereof is not prohibited by the statute.
We are of opinion that the homestead exemption law was intended to secure the exempted homestead to the debtor from the coercive grasp of his creditors, but it does not prevent him from selling the land covered by his homestead, and therefore a sale by him of the same for a valuable consideration vests in his vendee all the estate which he had in the land; and as Craig & Pittman, by a written contract, purchased the land in dispute for a valuable consideration, such sale was valid, and the deed afterward made to Craig, in pursuance of the judgment of the court, vested in him all the title of appellant Samuel Brame to the land and premises in dispute; and as he has parted with all his interest in said land, his right of occupancy of a homestead therein is gone.
It is conceded that the owner of real estate, before the passage of the homestead act, could alienate the same to whomsoever he pleased, and if so done, for value, his title passed to the vendee; and the homestead law was not intended as a restraint on the power of alienation by the owner, but was intended to save to him, as exempt from coercive sale by his *408 creditors, the homestead occupied by him during his occupancy of the same as such homestead.
And as the judgment of the court below accords with this opinion, the same is affirmed.