CASE 85—HOMESTEAD—JANUARY 18, 1884.

## Bennett v. Baird.

APPEAL FROM OHIO CIRCUIT COURT,

1. Appellant owned two tracts of land adjoining each other. The tract upon which was situate the dwelling he sold, but remained in possession as tenant of the purchaser, cultivating the other tract, upon which finally he built a small dwelling-house.
2. He is entitled to a homestead in the unsold tract.
3. No construction of the homestead act, not necessary for the protection of purchasers and creditors against fraud, should be adopted which tends to defeat the object of its enactment.

TOWNSEND & MASSIE FOR APPELLANT.

WALKER & HUBBARD FOR APPELLEE.

No briefs.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In September, 1880, a tract of land belonging to appellant, estimated to contain 156 acres, and valued by the

appraisers at four hundred dollars, was sold under execution and purchased by appellee, Baird, at the sum of four hundred and ten dollars; and in October, 1880, appellant brought this action for the purpose of quashing the execution sale, but if that could not be done, then for the allotment of a. homestead in the land to him.

We perceive no sufficient grounds for quashing the sale, and the only question, therefore, is whether appellant is. entitled to the homestead claimed.

It appears that until about two years previous to the issue of the execution and sale under it of the tract of 156 acres, appellant owned another tract adjacent to it, containing about 144 acres, upon which his dwelling-house and appurtenances were situated, at which time he sold the latter tract to pay a mortgage debt he owed the purchaser, but continued to occupy the dwelling-house and a small part of the tract, as the tenant of his vendee, until about April, 1881, when he erected a small house upon the land in controversy, and removed to it with his dependent daughter, the only member of his family.

It is shown that appellant owned, occupied and used the two tracts of land as one farm for many years previous to. the sale of the tract of 144 acres, portions of each being in the same inclosure. In fact, it does not appear that they were ever bounded and distinguished as two separate tracts at all until the mortgage and sale by him of the tract of 144 acres.

It is farther shown that, though occupying the dwelling-house upon the last named tract after he had sold it, appellant continued, as he had before done, to hold, control, and use for the support of himself and family, the tract of 156. acres, being the only land owned by him, until it was sold.

The question, as thus presented, is whether all the other ·conditions prescribed by law for the exemption of a debtor's land from enforced sale, existing, appellant has forfeited or lost his homestead right in the land because there was no ·dwelling-house thereon at the time it was levied on and sold.

The language of section 9, article 14, chapter 38, General Statutes, is that "there shall be exempt from sale, under execution, attachment, or judgment of any court, ·except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand ·dollars."

This court, in the case of Brown, Bro. & Co. v. Martin & ·Co. (4 Bush, 47), held that "the right of exemption depends upon the present and actual purpose and intention of the ·debtor to use and enjoy the property sought to be exempted ·as a home for himself and family, and that the right does not exist when the residence of the debtor and his family is permanently located elsewhere." But in the same case it was said not to be then "necessary to decide whether a habitable tenement on the premises is in all cases requisite ·to the existence of a homestead right."

The question has not been directly presented to or decided by this court, but in an opinion the statute does not, in terms ·or spirit, make it an indispensable condition of the use and ·enjoyment of a homestead right that there shall in all cases be a dwelling-house upon the premises claimed to be exempt.

By section 10 it is provided that before a sale of land oc-·cupied as a homestead, the officer in whose hands the exe-·cution may be shall cause· such part thereof *which may be selected by the defendant*, as shall not exceed in value one

thousand dollars, to be valued under oath and set apart to him, &c.

Under this section the debtor, for obvious reasons, is not restricted to that part of the land upon which the dwelling-house is situated, but may select any part that may be best adapted for the support of himself and family, which is the main object of the homestead law.

Appellant having paid his creditor by a sale of a part of his land, which appears to have been done in good faith, for the same reason was entitled to a homestead right in the residence; and if he had erected a dwelling-house thereon, and occupied it before the execution issued under which the land was sold, there could have been no question of his right to the exemption.

It is true about two years elapsed from the time he sold the tract of 144 acres until the execution issued, during which period he resided thereon, but his residence there can not be regarded as permanent. Nor did he abandon the possession or use of the other tract, or the purpose and intention to use and enjoy it as a home for himself and family by erecting a dwelling-house thereon, for he owned no other land; and that he did not carry out that purpose and intention sooner than was done may, from the facts in this case, be reasonably attributed to his lack of ability and means

No construction of the homestead law, not necessary for the protection of creditors and purchasers against fraud, should be adopted which tends to defeat the object of its enactment. Certainly it should not be so construed as to operate most harshly upon those most in need of its benefits.

In our opinion appellant is entitled to the homestead claimed, and the judgment of the lower court must be reversed, and cause remanded for further proceedings consistent with this opinion.