CASE 77—PETITION EQUITY—MAY 2.

# Hemphill v. Haas, Lyons & Co.,

APPEAL FROM WHITLEY CIRCUIT COURT.

1. HOMESTEAD.—A deed of assignment for the benefit of creditors executed by the debtor alone does not divest either him or his wife of the homestead exemption.

2. SAME.—Where the husband refuses to unite with the wife in asserting the homestead right, either as plaintiff or defendant, she may sue or defend alone.

3. SAME.—The right to the homestead exemption exists where the property was purchased by the debtor before the creation of the debt to which it is sought to subject it; and only such buildings or improvements can be subjected as were put upon it subsequent to the creation of the debt.

C. W. LESTER AND J. H. TINSLEY FOR APPELLANT.

As appellant did not unite in the deed of assignment executed by her husband, she can not be deprived of her homestead.

R. D HILL FOR APPELLEES.

1. The appeal should be dismissed, as it is prosecuted upon a partial transcript and no schedule was filed in time. (L. & N. R. R. Co. v. Brice, 83 Ky., 210; 7 Ky. Law Rep., 180.)

2. If the debts were created prior to the purchase of the property, and upon a partial transcript it must be presumed that they were, appellant and her husband are not entitled to a homestead. (Gen. Stats., chap. 38, art. 13, sec. 16; Fish v. Hunt, 7 Ky. Law Rep., 653.)

3. Appellant, in making application for allowance of homestead, should be joined by her husband, or she should show why he fails to unite with her and make him party by cross-petition.

4. Neither appellant nor her husband can be allowed homestead out of the property as against the deed of assignment, it being equivalent to a sale of the property for a valuable consideration. (Brame and Wife v. Craig, 12 Bush, 404.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPININON OF THE COURT.

March 5, 1884, R. T. Hemphill, being a merchant, assigned and transferred to Bullock, trustee, his stock of

goods, accounts, etc., for the benefit of creditors, and March 15, 1884, he conveyed to him for the same purpose a lot, whereon was a house, the lower part of which was used for keeping and selling goods, and the upper part was occupied as a family residence. In the deed is this stipulation : "But said house and lot are not to be disposed of until after the stock of goods is sold out and all the accounts that can be, have been collected, and then only such an interest as may be necessary in the house and lot shall be sold to [pay] the remainder of my indebtedness. The said house and lot are to be held and disposed as the law directs by said Bullock, and the proceeds applied to the payment of my debts in the same manner as directed in my former deed of trust. This writing is executed for the purpose of vesting title to the said house and lot, and accounts, notes, etc., in said Bullock, in trust for creditors."

In May, 1884, Haas, Lyons & Co. instituted this action, to which R. T. Hemphill, his wife, Euphemia Hemphill, the appellant, and various creditors were made defendants.

In their petition they state that R. T. Hemphill then occupied all the house except that part used as a store, but that he did not claim a homestead exemption right therein, though, as they were informed, his wife, Euphemia Hemphill, did claim such right, but that debts to more than the value of the house and lot were created before the purchase of the property by R. T. Hemphill.

According to the prayer of the petition, based upon facts therein alleged, a receiver was, May 17, 1884, appointed by the judge of court to take charge of all the property previously conveyed to Bullock, trustee, and

thereafter, without objection by any of the parties, had possession and control of it, subject to orders of court.

The separate answer of Euphemia Hemphill was filed April, 1885, in which she alleged the debts of all the creditors were created after the lot was purchased and the house erected on it, but before it was occupied, though her husband and family resided on it at the date of the assignment. And, denying the right of the creditors to subject the property to the payment of their debts, she asked judgment setting it apart as a homestead for herself and husband.

In April, 1886, judgment was rendered in the actions, denying her claim to the homestead and directing the property sold, which brought at the sale $750, that was adjudged to be paid to the creditors.

It seems a statement made by R. T. Hemphill, and, by agreement, read as a deposition, sustained her allegations as to the respective dates at which the debts of appellee's were created, the lot was purchased and the house erected and occupied. And thus all the conditions necessary to the homestead exemption claimed by her were shown to exist. For, to make land occupied as a homestead liable under the statute, it is necessary the debts exist before purchase of the property by the debtor, and only such buildings or improvements can be subjected as are put upon it subsequent to creation of the debts.

As, therefore, according to the proof, the lot was purchased and buildings erected with intention to be occupied as a homestead before any of the debts existed, the liens acquired after it was so occupied as a homestead did not have the effect to divest the debtor of his homestead

right, but the whole property, being of less value than $1,000, was exempt.

Nor did the deed of assignment executed by the husband alone operate to divest either him or his wife of the homestead, for it is provided by section 13, article 13, chapter 38, General Statutes, that " no mortgage, release, or waiver of such exemption shall be valid, unless the same be in writing subscribed by the defendant and his wife, and acknowleged and recorded in the same manner as conveyances of real estate."

It is true this court has heretofore held that provision does not impose any restraint upon the general right of alienation by sale and conveyance. But we think it does, according to a proper construction, apply to deeds of trust for benefit of creditors, for they do not invest the trustee with the beneficial interest in the estate conveyed, nor wholly and absolutely divest the debtor of it, being executed for a similiar purpose and having the same effect as mortgages.

The only question, then, is whether the husband having refused to unite with her, appellant could alone either defend the actions or recover the amount for which the property was sold under judgment of court.

Section 34, Civil Code, provides that " in actions concerning her separate property, and in actions concerning her general property in which the husband refuses to unite, she, the wife, may sue or be sued alone," and that " she may defend an action against her and her husband for herself and for him also, if he fail to defend."

The homestead exemption was manifestly intended by the legislature as well for the protection and benefit of

·the wife and infant children, as of the husband, and she has an interest or estate in the homestead that not only survives to her after his death, but that can not be mortgaged, released, or waived by him without her consent expressed in the solemn form required to divest her of the absolute title.

In our opinion appellant had the right, her husband refusing to unite with her, to alone defend the action so far as it was sought to deprive her of the possession and enjoyment of the homestead exemption, and to sue for and recover the proceeds after the lot was sold. And the lower court erred in the first instance in directing a sale of the lot, and also in refusing to direct the proceeds paid to her for her benefit after the property was sold. The judgment is therefore reversed for further proceedings consistent with this opinion.