CASE 41—PETITION EQUITY—NOVEMBER 8.

# Darnell, &c., v. Smith's Executor.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

A DEBTOR IS ENTITLED TO A HOMESTEAD EXEMPTION in land occupied
by him with his family as a home, to the extent that he had, be-
fore the creation of the debt to which the property is sought
to be subjected, expended money either in paying for the land or
in the erection of the improvements. Money paid for improve-
ments gives him as much a beneficial interest as money paid for
the land itself.

CROMWELL & FRANKLIN FOR APPELLANTS.

The rights of the creditor attach alone to the amount of money that
may be paid on the price of the land or upon the improvements
after the creation of his debt. Therefore, more than $1,000 hav-
ing been paid by the debtor on the purchase of the land after the
creation of appellant's debts, the homestead fund should, to that
extent, be applied to the payment of their debts. (Moseley v.
Bevins, 12 Ky., L. R., 826.)

IRA JULIAN FOR APPELLEE.

More than one thousand dollars having been expended by the debtor
in the erection of improvements before the creation of the debts
sued on, he was entitled to the homestead exemption. (Hemphill
v. Haas, &c., 88 Ky., 494; Moseley v. Bevins, 12 Ky. L. R., 826.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is a contest between a creditor of S. F. Smith, de-
ceased, and his infant children and heirs at law as to whether
the creditor can subject $1,000, the value of the home-
stead, to the payment of his debt.

The facts as agreed in the record are that Smith bought the
lot of ground on January 11, 1881, at the price of $2,100, pay-
ing in cash the sum of $100 only, and executing his notes for

the deferred payment of $2,000, and that during the year 1881 he placed improvements on said lot of the value of $1,-700, occupying same then and continuously since as a homestead for himself and family, consisting, at the time of his death, some two years since, of three children, two of whom are infants.   That the debts sued on and for the payment of which the effort is being made to subject the homestead of $1,000 were created from January, 1883, up to the time of Smith's death, and prior to 13th day of January, 1888, at which date Smith, by the execution of a mortgage on this property, raised $2,000 and paid off the balance of the purchase money.

This mortgage with other liens necessitated, since Smith's death, a sale of the property, and, after satisfying the valid liens on same, the chancellor, out of the remainder, adjudged to the infant children of Smith the sum of $1,000 in lieu of homestead right, and it is this fund that these creditors are seeking to subject.

It will be noticed that, while it is true that since the creation of the debts sued on, Smith paid, by the mortgage before mentioned, this $2,000 balance of purchase money, yet it further appears that, prior to January, 1883, the date of the oldest debt sued on, he had bought this lot and paid $100 on the purchase price, and in 1881 placed $1,700 in improvements on same.

For plaintiffs the case of Moseley v. Bevins, 91 Ky., 260, is relied upon, in which the court held that a homestead purchased, but not paid for, could not be held against debts created after the purchase, but before the payment of the purchase money.   In that case, however, there was no other equity presented in behalf of the claimant of the homestead. No question of the value of improvements placed upon the lot before the creation of the debt was made in that suit.

The court having before it only the question of payment of part of the purchase money after the creation of the debt, spoke very properly only of that matter. And yet it is manifest that, from the whole tenor and spirit of that decision, the court would have protected any beneficial interest of the claimant of the homestead, whether by the payment of part purchase money or by placing valuable improvements on same before the creation of the debt.

The court said that the underlying principle of section 16 of the homestead law was that the homestead shall not be exempt to the debtor from the payment of any just debt or liability except where he has paid, *or to the extent he has paid,* therefor prior to the creation of the debt. Again, by the very terms of the statute, after making the homestead exempt generally, it proceeds to say, by way of proviso, that it shall not be exempt from improvements made thereon after the creation of the debt, thus necessarily saving the homestead to the extent that improvements had been placed on it prior to the creation of the debt.

The demands of the law in favor of a homestead are satisfied if, at the time of the creation of the debts sued on, the claimant had a *bona fide* residence on same, and a beneficial interest in same to the extent of $1,000, whether by the payment of the purchase money or by placing improvements on same to that amount.

This was decided in substance by this court in the case of Hemphill v. Haas, Lyons & Co., 88 Ky., 492 (1889), where the court said in support of a claim to homestead exemption that where the lot had been purchased and the buildings erected before the creation of the debts sued on (though not in fact occupied as a homestead until suit was filed but before judgment), it should be upheld; that all the condi-

tions necessary to a homestead exemption had been shown to exist. "For, to make land occupied as a homestead liable under the statute, it is necessary that the debts exist before the purchase of the property by the debtor; and only such buildings or improvements can be subjected as are put upon it subsequent to creation of the debts.

"As, therefore, according to the proof, the lot was purchased and buildings erected with intention to be occupied as a homestead, before any of the debts existed, the liens acquired after it was so occupied as a homestead did not have the effect to divest the debtor of his homestead right, but the whole property, being of less value than $1,000, was exempt."

In this case the property being of greater value than $1,-000, and being indivisible, that sum in money, out of the sale, was set apart to the infant children of the debtor, Smith.

At the time of the creation of the debts sued on, Smith had invested in the homestead in improvements and purchase money paid on same more than $1,000, and to this extent the law protected same to him and his infant children after his death, and as to this amount he could not possibly commit any fraud upon his creditors.

Wherefore, the judgment of the chancellor being in accordance with these principles, is affirmed.