## Walker v. Walker.

(Decided June 15, 1926.)

Appeal from McCracken Circuit Court.

Husband and Wife—In view of Ky. Stats., sections 2127, 2128, wife held entitled to maintain forcible detainer against separated hus-

band occupying her land as her tenant and refusing to quit after due notice.

M. E. GILBERT for appellant.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

Some five years or more before the trial of this case (in May, 1925) in the court below, the parties were married. The appellee and plaintiff below, Altie Walker, is the wife, and the appellant and defendant below, E. H. Walker, is the husband. Each of them had two living children by a previous marriage and at the time plaintiff owned a farm a short distance from the city of Paducah, containing 135 acres, upon which she resided and which was equipped with teams and tools for agricultural purposes, but if the defendant owned any property at the time of the marriage it is not disclosed by the record. They lived together on plaintiff's farm until some time in 1922 or 1923 (the record not clearly disclosing), when defendant obtained a job with the Illinois Central Railroad Company at Centralia, Illinois, and he went away and lived in Centralia from that time until about March 1, 1924, but his two girls remained on the McCracken county farm during school and when it was not in session they went to Centralia and lived with their father. It is indisputably shown in this case that at least plaintiff treated his moving to Centralia as a separation and there is but little if anything in the record to show that defendant regarded it differently. At any rate, after defendant's return about March 1, 1924, the parties entered into contract whereby he was to cultivate the farm for the year 1924 and plaintiff was to furnish the teams and tools and they were to each share equally the crop produced, and that contract was carried out. In December of that year plaintiff notified defendant that she did not want to continue the relations of landlord and tenant created by the 1924 contract and that she wanted full possession and control of her farm and for him to vacate it. He declined to do so but continued to occupy the farm and to reside in the dwelling house thereon until this forcible detainer proceeding was instituted against him in the McCracken quarterly court by his wife in the early part of the year 1925. In the meantime plaintiff with her two children had left the

farm and moved to the city of Paducah and took up her residence with her father. The relations between the parties seem to have been, to say the least of it, unpleasant from the beginning, but whether they were such as to furnish grounds for divorce by either one against the other is not developed by the meagre amount of testimony on the subject found in the record. At any rate, the parties were separated and living apart at the time of the institution of the action, and upon its trial before the county judge, defendant was found guilty and judgment rendered against him accordingly. He traversed the findings of that court to the McCracken circuit court, and upon trial therein the same judgment was rendered, and from that judgment he prosecutes this appeal.

The principal as well as decisive question in the case is: Whether a wife may maintain this character of action against her husband under facts showing the contractual relationship of landlord and tenant, and when she is separated and living apart from him? In other words, whether under the specific facts of this case may she maintain such an action against her husband? That she could neither maintain such an action nor any other character of one against her husband at common law is thoroughly settled and is disputed by no one, and we will not encumber this opinion with a citation of any of the abundant authorities establishing that fact. The fundamental reason for that rule was, that at common law the husband acquired an absolute right by virtue of the marriage to an estate for his life and to the control, rents and profits of his wife's general real estate and an absolute title to all of her personal property when brought into possession. A different rule existed, however, as to the wife's separate property, but we are not particularly concerned in this case in any of that ancient learning and will not tax ourselves with a further discussion of it.

Our legislature in 1894 enacted a statute commonly known as the "Weissinger Act," portions of which are sections 2127 and 2128 of our present statutes, in which all of the property of the wife was made her separate property and the common-law rights of the husband in and to it during the marriage relation were absolutely repealed, the first part of the first section *supra*, saying: "Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the mar-

riage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband.'' The next section (2128) greatly enlarged the wife's right to contract with reference to her property that the immediately preceding section created as her separate property, and made her *sui juris* with reference to contracts concerning and relating to it and her right to sue and be sued with reference thereto, the language creating such alterations being: ''A married woman may take, acquire and hold property, real and personal, by gift, devise or descent, or by purchase, and she may, in her own name, as if she were unmarried, sell and dispose of her personal property. She may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract; but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement thereof.''

It will be observed that the statute confers the general power upon the wife to contract, sue and be sued with reference to her statutory separate property, and in practically all jurisdictions where a similar statute has been enacted it is held that the language is broad enough to include such rights conferred on the wives as to transactions with their husbands, *i. e.,* that they may contract with their husbands with reference to their separate property and sue him upon such contracts and upon causes concerning her property, as will be seen from the text in 30 C. J., page 671, para. 251, wherein it is said, *inter alia*: ''According to the weight of authority statutes conferring general contractual powers on married women enable them to contract with their husbands because such statutes destroy the common-law unity of husband and wife.'' Further along in the text it is said: ''Under married women's property acts giving the wife contractual capacity with respect to her separate estate, she may contract with her husband in reference to such estate.'' Many cases from a great number of courts are cited in the notes. We have so construed our statutes every time the question was presented, since its enactment. One of the cases in which it was done is Coleman v. Coleman, 142 Ky. 36, in which the opinion said: ''The present statute with respect to

the contractual and property rights of the husband and wife, known as the Weissinger Act (Ky. Stats., sections 2127-2128) removes from the wife all disabilities of coverture imposed by the common law in the matter of contracting with other persons, the husband included, subject to the restrictions specified in the statute, none of which prevent her from becoming indebted to the husband or the husband to her; and she may sue and recover of the husband any debt he may have contracted to pay her, as she would any other debtor. Long v. Beard, 20 K. L. R. 1036; Buckel, By, etc. v. Smith, 26 R. 491; Noel v. Fitzpatrick, 124 Ky. 787; Eberhard v. Wahl, 124 Ky. 223; Jones v. Louisville Tobacco Warehouse Co., 121 S. W. 633; McWethy's Admr. v. McCright, 141 Ky. 816.'' Later cases so holding are Greenup v. U. S. Fidelity and Guaranty Co., 159 Ky. 647 (on page 651), and Sandusky v. Sandusky, 166 Ky. 472. Those cases held that the wife may not only contract with her husband with reference to the matters that the statute empowers her to do but that she may likewise sue him to enforce such contracts or to obtain whatever relief to which she may be entitled flowing from such contracts.

The text in 13 R. C. L., page 1447, para. 496, enlarges thereon by showing that the wife under such statutes is given the right to sue her husband not only upon his express contracts with her concerning her statutory separate property, but that she may also sue him upon any implied contract the same as any other individual; and likewise she may sue him upon any cause of action necessary for the protection of her property, and all as a necessary incident to the full enjoyment of her property; the text being in this language: ''Where by constitutional or statutory provision general capacity is conferred on a married woman to control her separate property, to contract and to sue, and her contract with her husband is upheld as legal, her right to sue him at law on such a contract *or for the protection of her property* is usually upheld by implication, as a necessary incident to the full enjoyment of her property.'' (Our italics). Furthermore, and as an incident to her right to ''make contracts and sue and be sued as a single woman'' she may sue her husband in tort if his wrong consists in an unlawful interference with her rights in and to her separate property. Section 498 on page 1449 of the volume of R. C. L. referred to, first points out that such statutes do not confer upon either spouse the right to sue the other ''for per-

sonal wrongs as distinguished from wrongs to property such as actions for assault and battery, libel or slander, etc.," but that, "on the other hand, the right of a wife, and a corresponding right on the part of the husband, to maintain the usual common law actions for the protection of property rights has been upheld; such as an action of trover for the conversion of personal property; or replevin or detinue to recover possession and damages for the detention; or an action of assumpsit; and it has been held that when the wife, by proper and sufficient proof, shows that her husband owes her, she is entitled to the same remedies, and has the same standing to enforce any security for the payment of the debt that she may have received, as any other creditor."

Mr. Freeman in his annotation to the case of Frankel v. Frankel, reported in 73 Amer. St. Rep. 266, the annotation beginning on page 268, says on page 278 that under such statutes, "A wife may maintain an action of ejectment against her husband to recover the possession of her separate real property. Crater v. Crater, 118 Ind. 521, 10 Am. St. Rep. 161; Wood v. Wood, 83 N. Y. 575; Buckingham v. Buckingham, 81 Mich. 89. Compare Payton v. Payton, 86 Ga. 773. In Pennsylvania, a wife may maintain ejectment against her husband where they are living separately, but otherwise it seems not. McKendry v. McKendry, 131 Pa. St. 24.

"A married woman may maintain against her husband an action of trover for the conversion by him of her personal estate; Smith v. Smith, 21 R. I. 556. The right of action being mutual, the husband may also sue his wife in trover; Mason v. Mason, 66 Hun. 386; Bardwell v. Parkhurst, 19 Hun. 358. Assumpsit may be maintained; Clark v. Clark, 49 Ill. App. 163.

"Personal property may be replevied by the wife from her husband: Bush v. Groomes, 125 Ind. 41; Jones v. Jones, 19 Iowa, 236; Howland v. Howland, 20 Hun. 472. It may be recovered in any appropriate form of action, as detinue; Scott v. Scott, 13 Ind. 225; Bruce v. Bruce, 95 Ala. 563. It has even been held that a wife may garnishee her husband in an action to recover from a third person; Tunks v. Grover, 57 Me. 586."

In the very recent case of Notes v. Snyder, 55 App. D. C. 233, 4 Fed. (2d) 426, reported in 41 A. L. R. 1052,

the wife's right under similar statutory authority to prosecute an action of replevin for the recovery of her personal property against her husband was upheld. In the annotation to that opinion beginning on page 1054 cases from many foreign courts are cited in support of the editor's note, saying: "By the great weight of authority, a married woman justifiably living apart from her husband may, under the Married Women's Separate Property Acts now generally obtaining, maintain replevin against him to recover her separately owned chattels." In the annotation the editor refers to the case of Matson v. Matson, 4 Met. 262, star para. 262, and in his comments thereon clearly distinguishes it from cases arising under the Weissinger Act wherein the wife is given sole control and management of her property. At the time of the rendition of the Matson opinion no such powers were conferred on the wife as is done by that act. Her right to maintain that ordinary common law action against her husband was sought to be upheld by the then section 49 of the Civil Code, saying: "Where a married woman is a party, her husband must be joined with her, except that where the action concerns her separate property, she may sue alone, and where the action is between herself and her husband she may sue or be sued alone." The court said:

"It is clear, however, that this provision relates merely to the form of procedure in the cases mentioned, and is but a substantial re-enactment of the pre-existing rules of practice, except in a single particular. Formerly the general rule was that where the wife was a party, either plaintiff or defendant, it was necessary that the husband should be joined with her.

"But in a suit by the wife concerning her separate property, the approved practice was for her to sue as sole plaintiff, by her next friend, making the husband a party defendant. (Story's Equity Pleadings, sec. 63). So, in a suit in equity by the wife to enforce some equitable right against her husband, as she could not act under his advice or protection, she was allowed to seek the protection of some other person, in whose name, as her next friend, the bill was exhibited. (Ib. 61.)

"To dispense with the necessity for the intervention of a next friend where the action concerns

the separate property of the wife, or where the action is between herself and her husband, was the only object of the section referred to; and such is its only effect. It confers no new right of action."

The court simply held that the quoted language of section 49 of the Code then in force only dispensed with the common-law requirement that a wife when she was even suing for the recovery or protection of her separate property *in equity* should do so by her next friend and permitted her to maintain such equity actions in her own name alone, even against her husband. It is, therefore, clear that the Matson case is no authority to sustain defendant's contention that his wife is without capacity to maintain this action against him arising after the taking effect of the Weissinger Act.

If the wife has the capacity under the provisions of that act to contract with and sue her husband with reference to her property which it creates as her separate estate, in the instances and cases heretofore referred to, as we hold she may do, it is difficult to perceive why she might not also sue him to recover the possession of her real property wrongfully withheld by him and contrary to her consent and at a time when they are living separate and apart. She may sue him in replevin to recover her personal property wrongfully withheld by him and likewise in trover for wrongfully converting her property and, since he has no greater rights in and to her personal property to which those cases are entirely referable than in her real estate, it would seem clearly to appear, and we so hold, that *in a proper case* she may maintain against her husband a forcible detainer proceeding to recover possession of her real property the same as she could do so under the same facts against a stranger.

We held in the case of Jones v. Louisville Tobacco Warehouse Company, 123 S. W. 307, and the extended opinion in 135 Ky. 832, that the relation of landlord and tenant might be created between husband and wife and when done the text in 10 Cyc. 1116 says: "Where a husband and wife are living apart from each other the wife may be prosecuted for forcibly entering upon the lands of the husband, or the husband for forcibly entering upon the lands of the wife." Since, therefore, the wife may maintain in her own name an action of ejectment against her husband to assert her title to her statutory separate

property, which we have seen to be true by the authorities *supra*, we hold that she may likewise maintain an appropriate action against him for wrongfully withholding from her the possession of her real estate, which character of action in this jurisdiction is one of forcible detainer. The parties hereto created the relationship of landlord and tenant between them for the year 1924. The wife separated from her husband and abandoned her home and took up her abode elsewhere. The husband no longer had the right to occupy the premises against the wife's consent, since she was under no obligation even at common law to furnish him a home, even though she owned one and he did not. 13 R. C. L., pages 1188 and 1198; 30 C. J. 516-517, and 526-528, and 21 Cyc. 1412. It was the duty of defendant in this case after he and his wife separated to surrender the possession of her farm to her, and after the notice served on him that he could no longer occupy it as her tenant he became a wrongdoer in persisting in doing so, and her right to the possession of the premises accrued, and she could properly maintain the action.

The trial court having so held, its judgment is affirmed. Whole court sitting.