## Bishop v. Simpson, et al.

(Decided May 1, 1928.)

### Appeal from Nelson Circuit Court.

1. Homestead.—Wife held properly permitted under Civil Code of Practice, sec. 34, subsec. 3, to file an answer in suit against her husband to enforce a lien against the homestead after personal judgment was procured against husband on mortgage foreclosure of other property, where the husband had refused to defend, was in a nervous condition, and was on bad terms with his wife.

2. Homestead.—Small tract of 8½ acres, about 200 yards from farm, and on opposite side of road, purchased by husband after he had mortgaged his farm, and thereafter used by the family in common with the mortgaged property as a home, held exempt, as homestead, from sale to enforce mortgagee's lien after he had foreclosed mortgage and procured a personal judgment against the husband.

3. Trusts.—Trust held, because of Ky. Stats., sec. 2353, not to have resulted in favor of son by his having allegedly furnished consideration for land purchased by his father in father's name.

4. Appeal and Error.—The Court of Appeals gives some weight to the finding of the circuit court, who heard witnesses, and will not disturb his finding, unless it is against the weight of the evidence.

ATKINSON & NICHOLS for appellant.

J. SMITH BARLOW for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Stanley Simpson owned a farm in Nelson county, on which he resided, containing 136 acres. He mortgaged this farm to the Federal Land Bank, and afterwards executed a mortgage on it to S. S. Bishop. After this, he bought a tract of 8½ acres about 200 yards from his 136-acre tract, and on the other side of the road from it. He used both tracts as his home; his family consisting of his wife, a son, and a daughter. Bishop brought suit to foreclose his mortgage on the 136-acre tract; the land was ordered sold, and Bishop bought the land, subject to the mortgage of the Federal Land Bank, for $25. He took out execution upon his personal judgment. There was a small house on the 8½-acre tract, and, after Simpson was dispossessed of the 136-acre tract, Bishop had the execution levied on the 8½ acres. He then brought suit to enforce his lien on the 8½ acre tract. Simpson did not answer, but his wife filed answer, showing that he had declined to answer, and was in a bad nervous condition. She set up that the 8½-acre tract was the home of the family, and had been used in connection with the 136 acres as the home of the family since it was purchased. She prayed that it be adjudged exempt as a homestead. The court allowed the answer filed, and, after hearing proof, adjudged the land to be exempt as a homestead. Bishop appeals.

The court correctly allowed the wife to file the answer. The husband was on bad terms with his wife;

an action for divorce was pending; he was, in fact, in a very bad nervous condition. Subsection 3, sec. 34, of the Civil Code, provided as follows as to a wife:

"She may defend an action against her and her husband for herself, and for him also if he fail to defend."

Under this section it has been held in cases like this that the wife may answer and set up the homestead exemption where the husband fails or refuses to do so. Hemphill v. Hass, Lyons & Co., 88 Ky. 492, 11 S. W. 510, 11 Ky. Law Rep. 62; Purdy v. Melton, 164 Ky. 749, 176 S. W. 346; Daisy v. Houlihan, 43 S. W. 487, 19 Ky. Law Rep. 1337; Frazier v. Brashears, 66 S. W. 1038, 23 Ky. Law Rep. 2232. The reason for the rule is thus stated in the case first above cited:

"The homestead exemption was manifestly intended by the Legislature as well for the protection and benefit of the wife and infant children, as of the husband, and she has an interest or estate in the homestead that not only survives to her after his death, but that cannot be mortgaged, released, or waived by him without her consent expressed in the solemn form required to divest her of the absolute title."

The homestead statute is for the benefit of the family. Its purpose is to guarantee to the family the protection and benefits intended by its enactment. The wife is an essential member of the family, and is one of the persons for whose protection the statute was especially designed. The wife was therefore properly allowed to defend herself, as the husband refused to defend.

Whether under such circumstances as we have here the housekeeper was entitled to a homestead in the 8½ acres was practically before this court in Bennett v. Baird, 81 Ky. 554. There Bennett owned a tract of 144 acres upon which his dwelling house and appurtenances were located, and he also owned another tract of 156 acres adjacent to it. He sold the 144 acres to pay a mortgage debt on it, but continued to occupy the dwelling house as a tenant of his vendee for about a year, when he erected a small house upon the 156 acres and moved to it. He had occupied and used the two tracts as one farm for many years. It was held that he was entitled to a homestead in the 156-acre tract, although the execu-

tion was levied on it while he was still living on the 144-acre tract. In Kelley v. Ramsey, 176 Ky. 584, 195 S. W. 1111, Ramsey owned a lot in Leitchfield upon which the dwelling house stood. He also owned another lot across the alley from this lot, on which was situated the cow barn and cistern, and he used both lots as a home. It was held that he was entitled to a homestead in the lot across the alley after the lot on which he lived was sold by him to pay a debt on it. This case cannot be distinguished from those cited, and a number of other like opinions are referred to therein. There is some proof in the record that Simpson bought the 8½-acre tract for his son, and that his son paid $400 on it. But, the fact is, Simpson took the deed to himself, and the son knew it, and acquiesced in this. He says now that he lent his father the $400; but, however this may be, he has no right to the land under section 2353, Kentucky Statutes.

On the questions of fact made on the appeal, the court gives some weight to the finding of the circuit court who heard the witnesses, and does not disturb his finding, unless against the weight of the evidence. While there is some conflict in the evidence, the judgment of the circuit court is not against the weight of the evidence.

Judgment affirmed.