## Lear v. Lear.

(Decided May 16, 1930.)

JAMES BRADLEY for appellant.

FORD & FORD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant and appellee are husband and wife, but separated shortly before this action was instituted. They are joint owners of a house and lot admittedly worth less than $1,000. The wife brought this action under section 490 of the Civil Code of Practice for a sale of the jointly owned property. The husband filed an answer in which he alleged, in substance, that he and the plaintiff had used and occupied the property as a homestead until about the time plaintiff instituted this action, when she abandoned the home, and that his right of homestead attached to the plaintiff's interest in the property, the whole of which is worth less than $1,000. The lower court sustained a demurrer to the answer. The defendant declined to plead further, and a judgment was entered directing the sale of the property and a division of the proceeds equally between the husband and wife. From this judgment, the husband appeals.

It is appellant's contention that, where property is jointly owned by a husband and wife and occupied as a homestead by one of the parties and is worth less than

$1,000, a sale under section 490 of the Civil Code of Practice cannot be had by the party that has abandoned it, and he relies upon Charboneau v. Hart, 211 Ky. 204, 277 S. W. 242, and Bishop v. Simpson, 224 Ky. 289, 6 S. W. (2d) 253.

In Charboneau v. Hart, the appellee and his first wife jointly owned a tract of land worth less than $1,000. After his wife's death he continued to occupy the tract as a homestead. He remarried and the children by his first wife sought to have the land sold under section 490 of the Civil Code of Practice, and it was held under section 1702 of the Statutes that Hart was entitled to the possession of the whole tract as a homestead. In Bishop v. Simpson an execution was levied on a homestead owned by the husband who failed to interpose a defense, and it was held that the wife might defend for him and assert the right of homestead which the husband had failed to do. Neither of these cases is controlling here. The wife or husband of the owner of the homestead has no estate or vested interest in the property during the owner's lifetime. The homestead exemption runs to the owner, and the right of a spouse is a derivative and not a direct one. Demarest v. Allen, 189 Ky. 32, 224 S. W. 458; Summers v. Sprigg, 35 S. W. 1033, 18 Ky. Law Rep. 206. The homestead interest is not an estate, but merely an exemption from sale for the payment of debts, and after the death of the owner is a right of occupancy in the surviving spouse and infant children. Demarest v. Allen, supra; Brandenburg v. Petroleum Exploration Co., 218 Ky. 557, 291 S. W. 757; Turner v. Browning, 128 Ky. 79, 107 S. W. 318, 32 Ky. Law Rep. 891; Little v. Woodward, 14 Bush, 585; Brame v. Craig, 12 Bush, 404.

Section 1707, Kentucky Statutes, provides that "the homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age. But the termination of the widow's occupancy shall not affect the right of the children; but said land may be sold, subject to the right of said widow and children, if a sale is necessary to pay the debts of the husband."

By section 1708 of the Statutes the husband is given the same right in the homestead of the wife that the surviving wife has in the homestead of the husband. But this statute does not give to a husband any right of homestead in the land of his wife during her life.

Section 2127, Kentucky Statutes, provides that "marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband."

In Spratt v. Allen, 106 Ky. 274, 50 S. W. 270, 271, 20 Ky. Law Rep. 1822, in holding that the husband has no right of homestead in the property of the wife during her life this court said: "His wife still lives, and he is not entitled to a homestead in her land during her life. It is only at the death of the wife, if at all, that a husband can claim a homestead in her land. While the wife lives the husband is no more entitled to have assigned to him out of her land a homestead, as exempt from the payment of his debts, than he would out of that owned by anybody else." See Covington Bros. & Co. v. Byrns, 230 Ky. 66, 18 S. W. (2d) 870; Farmers' & Merchants' Bank v. Bagby, 223 Ky. 29, 2 S. W. (2d) 1033.

By reason of the statutes which require that a husband shall join in the conveyance of his wife's property, he may exercise a veto power over her right to convey or mortgage the homestead by refusing to join in the transfer, but this does not result from any vested right he has in the homestead property. In Walker v. Walker, 215 Ky. 154, 284 S. W. 1042, 1045, it was held that, in view of sections 2127 and 2128, Kentucky Statutes, the wife could maintain an action of forcible detainer against her husband from whom she was separated, and who was in possession of her land and which had been occupied by them as a homestead when they were living together. In the course of the opinion this court said: "Since, therefore, the wife may maintain in her own name an action of ejectment against her husband to assert her title to her statutory separate property, which we have seen to be true by the authorities, supra, we hold that she may likewise maintain an appropriate action against him for wrongfully withholding from her the possession of her real estate, which character of action in this jurisdiction is one of forcible detainer. The parties, hereto created the relationship of landlord and tenant between them for the year 1924. The wife separated from her husband and abandoned her home and took up her abode elsewhere. The husband no longer had the right to occupy

the premises against the wife's consent, since she was under no obligation even at common law to furnish him a home, even though she owned one and he did not. 13 R. C. L. pp. 1188, 1198; 30 C. J. 516, 517, and pages 526-528; and 21 Cyc. 1412. It was the duty of defendant in this case after he and his wife separated to surrender the possession of her farm to her, and after the notice served on him that he could no longer occupy it as her tenant he became a wrongdoer in persisting in doing so, and her right to the possession of the premises accrued and she could properly maintain the action.''

During the life of the wife the husband has no such interest in her real estate by virtue of the homestead act as prevents her from forcing a sale of jointly owned property and the division of the proceeds under section 490 of the Civil Code of Practice. The lower court having so ruled, the judgment is affirmed.