**J. Edward Jones, Appellant, v. Jenny Kilfether, and Evelyn S. Jones, Appellees.**

**Gen. No. 46,909.**

First District, First Division.

November 19, 1956.

Released for publication February 11, 1957.

J. Edward Jones, of River Forest, pro se, appellant.

No brief filed for appellee.

JUDGE FRIEND delivered the opinion of the court. Plaintiff J. Edward Jones and his wife Evelyn, together with their two minor children, live at 1426 North Monroe avenue, River Forest, Illinois. Mrs.

Jones and her brother inherited adjacent properties at 1426 and 1430 North Monroe avenue from their mother and own both these properties as tenants in common. As between Mrs. Jones and her brother, she has had exclusive control of the premises in which she resides with plaintiff and their children, and the brother has had exclusive control of the adjoining property.

In September 1955 Mrs. Jones invited one Miss Jenny Kilfether to live in their home as a guest. She is not related to Mrs. Jones, nor does she pay rent. She came to live in the Jones home over plaintiff's objection. Plaintiff asked his wife to request Miss Kilfether to move out, but Mrs. Jones refused to do so. Thereupon plaintiff, on October 1, 1955, addressed and delivered the following letter to Miss Kilfether, demanding that she find living quarters elsewhere:

"Some time ago you moved into our home without having made any arrangements with me nor had anyone else made any such arrangements for you to move in. I am now informed by my wife that you plan to stay indefinitely in our home on some basis I have not been able to find out.

"At the time you moved in my wife had filed a suit against me for divorce (which I suppose you knew nothing about). The law gives a period of 60 days for husbands and wives to try to get together in such cases. During the period of this litigation I regret to say that I do not think it is proper for strangers to be living in the home of the parties.

"I therefore respectfully request and demand that you find living quarters elsewhere. I am opposing the suit for divorce by my wife and as far as I know have given her no ground for such action.

"Please advise me as to your action on this request."

Miss Kilfether refused to leave the premises, and plaintiff brought forcible entry and detainer proceed-

ings against her, claiming the right of possession of the premises she is occupying. The complaint, after reciting the salient facts with respect to ownership of the property, alleges that "plaintiff is entitled to the possession of the said premises . . . and to that portion thereof occupied by the defendant [Jenny Kilfether] and she unlawfully withholds said possession from the said plaintiff"; and the plaintiff also asserts that, by virtue of the ownership of the residence by Mrs. Jones and her brother as tenants in common, plaintiff has an estate of homestead therein.

A motion made by defendant Jenny Kilfether to dismiss the complaint was overruled, and the case proceeded to trial. During the hearing Miss Kilfether was represented by Mrs. Jones's counsel but was not herself present; Mrs. Jones testified as a witness for plaintiff under section 60; her brother testified for plaintiff; and Mr. Jones testified in his own behalf. Pursuant to trial, the court found for defendant and entered judgment accordingly. Plaintiff appeals.

He takes the position that he has the right to actual possession of the property under the common-law right of possession of the family residence while living with his family therein, even though he has no title to the property, and also by reason of the fact that he has a homestead in the premises. The case involves the novel question whether a stranger moving into the family residence of plaintiff, his wife and children, against his wishes but at the invitation of his wife who has title to the premises, constitutes a forcible entry as to plaintiff; and also whether the refusal of Miss Kilfether to move out after the request made by plaintiff constitutes a forcible detainer of the premises. Plaintiff cites no decisions involving similar facts, and we have been unable to find any. Cases dealing with the question of the right to possession of premises under the Forcible Entry and Detainer

Act (Ill. Rev. Stat. 1955, ch. 57) involve plaintiff's title or interest or the nature of his estate in the premises by virtue of a fee simple, a freehold, a leasehold, or as a tenant at will, or other facts fairly implying ownership of the property. 36 C.J.S. Forcible Entry and Detainer § 40 b. The right to possession is generally defined as legal possession. We find no authority holding that, where the title to the premises is in the wife, the husband as head of the household is entitled to possession of a part of the premises occupied by a guest invited to live in the home by the wife who owns the property.

██ The husband has no longer control and management of the separate property of his wife. She may deal with it as she sees fit. Spalding v. Spalding, 361 Ill. 387, 393; Ill. Rev. Stat. 1955, ch. 68, sec. 9. She is under no obligation to furnish her husband with a home, even though she has one and he has not. 26 Am. Jur., Husband and Wife, § 341, citing Lear v. Lear, 234 Ky. 369, 28 S.W.2d 32, and Walker v. Walker, 215 Ky. 154, 284 S. W. 1042. In Southworth v. Edmands, 152 Mass. 203, 25 N. E. 106, the right to tax the property of the wife occupied as a family home against the husband as a party in possession, was involved. In sustaining taxation against the husband, the court said (p. 206) : "It appears that Edmands and his wife occupied the premises, and with their minor children resided on the place. There is nothing to show that he, as the head of the family, was not in possession of the family home. The fact that the wife owned the place would not afford an inference that she had taken her husband's place in the family. Undoubtedly she would have the right to take and retain possession, even if it were necessary therefor to compel her husband to furnish another home for her. But if she permitted her estate to be occupied as the family home, the presumption, in the absence of evidence to

the contrary, is that she permitted the possession of it to be in her husband. Her consent that her husband should be in possession would be presumed. He would not be her tenant, but would be in by her license. Plaisted v. Hair, 150 Mass. 275. He was under legal obligation to provide a home for his family. She was under no legal obligation to allow him to use her estate for that purpose. She might have refused it to him; perhaps she might, as a condition of admitting him to it, have exacted his consent that she should be the master of the house." The court refused to follow Hamilton v. Fond du Lac, etc., 25 Wis. 496, where a similar question, the right to tax a husband as the occupant of his wife's premises, was involved, and where the Wisconsin court said: "We infer, therefore, that the plaintiff [husband] probably lived on them [the lots] with her, they being her separate property. But we have held in such a case, nothing further being shown, that the possession is the possession of the wife, and not of the husband. . . . The husband, merely residing with his wife upon her separate property, is no more the occupant of the property, within the meaning of the statute allowing lands to be assessed to occupants, than she would be of his lands if residing with him thereon. The statute meant, by the word 'occupant,' one who occupied the property in his or her own right, as tenant or otherwise, and in the absence of a possession by the real owner."

■■ In the instant case there is no agreement between plaintiff and his wife as to the occupancy of the premises as a family home. There is nothing to establish the relation of landlord and tenant. Under the cases cited, plaintiff's possession, if any, is that of a mere licensee, terminable at the will of the wife. As such licensee he cannot determine, over the objection of his wife, who shall be a member of the household. To hold otherwise would nullify the statute and

would permit him to exclude from the family home owned by his wife her immediate relatives, who might be dependent on her. If he wishes to exercise the prerogatives of the head of the family his only recourse is to establish a suitable family home elsewhere.

Nor do the undisputed facts support plaintiff's claim to a homestead in the premises. He admits title to the property in Mrs. Jones and her brother as tenants in common. In Johnson v. Muntz, 364 Ill. 482, cited in De Martini v. De Martini, 385 Ill. 128, the Supreme Court of this state held that if the husband is living and residing with his wife on premises owned by them, either as joint tenants or tenants in common, the homestead estate is vested in the husband alone, it being the right of occupancy and not the estate of homestead which is jointly vested in the husband and wife. In the De Martini case the court said: "The right of homestead being by our present statute enlarged into an estate, it follows that like all other estates, it can have no separate existence apart from the title on which it depends. We have held that the estate of homestead created by the statute is based upon the title of the householder, and can have no separate existence independently of the title, which constitutes one of its essential elements, and from which it is inseparable. (Kitterlin v. Milwaukee Mechanic's Ins. Co., 134 Ill. 647; Browning v. Harris, 99 Ill. 456; Tink v. Walker, 148 Ill. 234.) In none of the cases holding that the husband, as head of the family, is the householder contemplated by the statute in whom the homestead vests, does it appear that the husband owned no interest in the title."

██ ██ Plaintiff's principal claim to the right of possession of the property owned by his wife as a tenant in common with her brother is predicated upon his claimed right of homestead; but since, under the rule heretofore enunciated, the right of homestead can

396

have no separate existence independently of the title which constitutes one of its essential elements and from which it is inseparable, he has no right of homestead and therefore no right to possession of the property on that basis.

For the reasons indicated, the judgment of the County Court is affirmed.

Judgment affirmed.

NIEMEYER, P. J., concurs.

BURKE, J., dissenting.

A forcible detainer action does not present a question of title. The question at issue is the right to possession of the premises. Plaintiff, as the head of his family, was in peaceable possession of the premises. This peaceable possession was invaded by Miss Kilfether. Furthermore, there was an unlawful detention by her when she refused to vacate after demand. I am of the opinion that the judgment should be reversed and the cause remanded with directions to enter judgment for possession of the premises in favor of the plaintiff and against Jenny Kilfether.